## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**ANTHONY J. BELLES,**

                    **Petitioner,**

      **v.**                                     **CASE NO. 17-3036-SAC**

**FRANKLIN COUNTY ADULT**
**DETENTION CENTER, et al.,**

                      **Respondents.**

### MEMORANDUM AND ORDER

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2254. On March 7, 2017, the Court directed petitioner to show cause why this matter should not be dismissed without prejudice to allow him to exhaust state court remedies. Petitioner filed a timely response, in which he explains that he sent letters to both the Kansas Court of Appeals and the Kansas Supreme Court. He did not receive a response to these letters, and he appears to contend that he has satisfied the exhaustion requirement.

The Court has examined on-line records maintained by the Kansas appellate courts[1] and finds no record of an appeal or a post-conviction action related to petitioner's incarceration.

Under 28 U.S.C. § 2254(b)(1)(A), a state prisoner must exhaust available state court remedies before commencing a federal habeas corpus action. "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).

---

[1] *See* http://www.kscourts.org/inquiry-system.asp.

Ordinarily, a habeas corpus petition that presents unexhausted claims is subject to dismissal unless "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B).

In Kansas, a state post-conviction action may be filed within one year from the final order of the last state appellate court to exercise jurisdiction on a direct appeal or the termination of appellate jurisdiction. K.S.A. 60-1507(f). Because it appears that petitioner has available state post-conviction remedies, the Court concludes that dismissal of this action without prejudice is appropriate.

IT IS, THEREFORE, BY THE COURT ORDERED this matter is dismissed without prejudice to allow petitioner to present his claims in the state courts.

**IT IS SO ORDERED.**

DATED: This 27th day of April, 2017, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge